**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM JOHN COATES, | No. 11-15723 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-03499-GGH |
| v. | |
| R. GROUNDS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Submitted April 17, 2012[**]
San Francisco, California

Before: GOODWIN, REINHARDT, and MURGUIA, Circuit Judges.

California state prisoner William John Coates appeals the district court's

denial of his habeas corpus petition challenging his conviction for continuous

sexual abuse of a child under fourteen in violation of Cal. Penal Code § 288.5.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Coates argues the admission of testimony about his prior acts rendered his trial fundamentally unfair and that without that testimony, the jury could not have found him guilty of committing three or more acts of substantial sexual conduct with a child under the age of fourteen, as required by § 288.5.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we may grant a habeas petition only if the state court's decision was "forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (quoting 28 U.S.C. § 2254(d)). A legal principle is "clearly established" within the meaning of 28 U.S.C. § 2254(d)(1) if "it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes*, 130 S. Ct. 1171, 1173 (2010) (citing *Carey v. Musladin*, 549 U.S. 70, 74 (2006)).

Although the Supreme Court has said the writ should issue "when constitutional errors have rendered the trial fundamentally unfair," the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley*, 568 F.3d at 1101. The Supreme Court reserved the issue of whether admitting other-crimes evidence to show conduct in conformity therewith violates due process. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991);

2

*see also Alberni v. McDaniel*, 458 F.3d 860, 863 (9th Cir. 2006). Therefore, we cannot conclude that the California Court of Appeal acted in an objectively unreasonable manner in concluding that the propensity evidence introduced against Coates did not violate due process.

**AFFIRMED.**